UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL PATRICK BURNS,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>BRANDON PRICE,<br><br>　　　　　　　Respondent. | Case No. LACV 21-6823-AB (LAL)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

   Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections and the remaining record, and has made a *de novo* determination.

   Petitioner argues in his Objections that the Court failed to consider his claim that he was denied his Fourteenth Amendment due process rights to effective and conflict-free counsel, independent from a consideration of Petitioner's Sixth Amendment right to counsel.  (Objections at 2, 4-7.)  However, Petitioner has failed to present any clearly established United States Supreme Court precedent recognizing a Fourteenth Amendment due process right to effective or conflict-free counsel that is independent from the right to counsel granted under the Sixth Amendment.  See Carey v. Musladin, 549 U.S. 70, 77, 127 S. Ct. 649, 166 L. Ed. 2d 482 (2006) ("Given the lack of holdings from this Court regarding" the claim, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"); see also Brewer v. Hall,

378 F.3d 952, 955 (9th Cir. 2004) ("If no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law."). In fact, to the extent Petitioner's invoked United States Supreme Court precedent regarding the right to counsel in his claim here, he relied on Supreme Court precedent premised on the Sixth Amendment right to counsel. See Petition at 44 (citing Glasser v. United States, 315 U.S. 60, 69-70, 62 S. Ct. 457, 86 L. Ed. 680 (1942)).[1] To the extent Petitioner might have presented a valid due process argument, his claim fails for the reasons discussed in the Report and Recommendation. Specifically, Petitioner has failed to establish an irreconcilable conflict of interest. Absent such a conflict, Petitioner cannot show the trial court's failure to substitute counsel resulted in such fundamental unfairness as to violate due process. See Spencer v. Texas, 385 U.S. 554, 563-564, 87 S. Ct. 648, 17 L. Ed. 2d 606 (1967) ("Cases in this Court have long proceeded on the premise that the Due Process Clause guarantees the fundamental elements of fairness in a criminal trial . . . ."). Petitioner's Objections otherwise lack merit for the reasons stated in the Report and Recommendation.

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Judgment be entered denying the Petition and dismissing this action with prejudice; and
3. The Clerk serve copies of this Order on the parties.

DATED: June 07, 2022

_____
HONORABLE ANDRE BIROTTE, JR.
United States Magistrate Judge

---

[1] The only other United States Supreme Court case Petitioner cites is Addington v. Texas, 441 U.S. 418, 425, 99 S. Ct. 1804, 60 L. Ed. 2d 323 (1979), in which the United States Supreme Court considered the appropriate standard of proof to be applied in civil commitment proceedings and, in doing so, explained that due process protections apply in the civil commitment context. (Petition at 43.)